UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLIE E. BOYD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 17-151-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Willie Boyd has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] Boyd seeks to invalidate his federal convictions, arguing that he has newly-discovered, exculpatory evidence that the prosecution failed to disclose during his criminal proceedings. For the reasons set forth below, the Court will deny the petition. The Court will further bar Boyd from filing any new civil action or habeas corpus petition challenging his convictions or sentence in this district without obtaining prior permission.

**I.**

Inmate Willie Boyd was convicted in 1998 for numerous federal crimes including distribution of cocaine, being a felon in possession of a firearm, use of false social security numbers, and failing to comply with reporting requirements involving currency transactions. He was sentenced to an aggregate term of 276 months imprisonment. *United States v. Boyd*,

No. 4: 97-CR-301-ERW-1 (E.D. Mo. 1997). The Eighth Circuit affirmed the conviction and sentence on direct appeal. *United States v. Boyd*, 180 F.3d 967 (8th Cir. 1999).

Boyd has filed dozens of collateral attacks of his conviction, both by miscellaneous motions filed in his criminal case, motions filed pursuant to 28 U.S.C. § 2255, and by petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Several of these challenges were predicated upon slight variations of the same basic claim: that federal investigators and prosecutors failed to disclose exculpatory evidence in violation of the Jencks Act, 18 U.S.C. § 3500, and/or *Brady v. Maryland*, 373 U.S. 83 (1963).

In each of Boyd's § 2241 petitions, the habeas court has dismissed the claim for the same reason: even if proven, the failure to disclose exculpatory evidence is a procedural violation. It is not a substantive violation which would or could render Boyd actually innocent of the crimes for which he was convicted. Accordingly, § 2241 is not an available mechanism to assert the claim. Cf. *Boyd v. Revell*, No. 06-CV-711-WDS (S.D. Ill. 2006), *aff'd*, No. 07-2246 (7th Cir. 2007).

Boyd has consistently disregarded such adverse holdings, and has responded by filing a new petition asserting essentially the same claim, often purporting to rely upon a recent Supreme Court decision. Each petition has been denied, noting that the new authority cited by Boyd plainly does not further his claim. Cf. *Boyd v. Cross*, No. 13-651-DRH (S.D. Ill. 2013). Because of his persistent and abusive litigation conduct, several federal district courts have barred Boyd from filing any further habeas corpus petitions in their courts to collaterally attack his sentence. See *id*. In addition, the United States Court of Appeals for the Seventh Circuit

has fined Boyd for his conduct on two occasions: the first time for $500.00 and the second time for $5,000.00. See *Boyd v. Quintana*, No. 14-1726 (7th Cir. Sept. 2, 2014).

Since the Bureau of Prisons transferred Boyd to a prison located within this district in 2014, he has filed four § 2241 petitions. Boyd initially asserted entitlement to relief under *Logan v. United States*, 552 U.S. 23 (2007), a claim he had asserted in five prior habeas petitions without success. This Court denied that petition. *Boyd v. Quintana*, Civil Action No. 5: 15-04-DCR (E.D. Ky. 2015), *aff'd*, No. 15-6123 (6th Cir. 2016). In a separate petition, the Court denied relief pursuant to *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), because such a claim could and therefore must be pursued in a § 2255 motion. *Boyd v. Quintana*, Civil Action No. 5: 16-211-DCR (E.D. Ky. 2016).[1]

In yet another petition, Boyd asserted numerous claims of trial error regarding the admissibility of evidence, prosecutorial misconduct, and the credibility of witnesses. Boyd argued that *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924 (2013), permitted him to assert these claims in a collateral attack. The United States District Court for the Southern District of Illinois and the Seventh Circuit had already rejected this claim in a prior petition, as did this Court. *Boyd v. Quintana*, Civil Action No. 5: 15-288-JMH (E.D. Ky. 2015). The Sixth Circuit affirmed on direct appeal, noting that *McQuiggin* cannot be used as a basis to proceed under § 2241 because its time-bar ruling does not make it more likely than not that no reasonable juror

---

[1] The trial court recently granted Boyd relief from his ACCA enhancement pursuant to *Johnson*. *Boyd v. United States*, No. 4: 16-CV-2148-ERW (E.D. Mo. Aug. 25, 2017). Given that his present release date is May 8, 2019, see https://www.bop.gov/inmateloc/ (last visited on August 25, 2017), Boyd's present petition may soon become moot.

would have convicted Boyd. The Sixth Circuit further held that a prisoner may not assert a pure factual innocence claim based upon newly-discovered evidence in a § 2241 petition precisely because such a claim can be pursued in a second or successive motion pursuant to § 2255(h)(1). Because the remedy under Section 2255 cannot be "inadequate and ineffective" to assert a factual innocence claim, § 2255(e) does not permit resort to § 2241 to assert it. *Boyd v. Quintana*, No. 16-5543 (6th Cir. 2016).

**II.**

Boyd contends in his most recent petition that he has obtained newly-discovered evidence that would have undermined the credibility of the government's witnesses at trial and should have been disclosed to him pursuant to *Brady*. Boyd purports to rely upon the Supreme Court's recent decision in *Wearry v. Cain*, __ U.S. __, 136 S.Ct. 1002 (2016), as a basis for relief. [Record No. 1 at 6-15] Accompanying Boyd's 77-page petition are 643 pages of exhibits, consisting primarily of documents and transcripts from his criminal prosecution in 1997-98. [Record Nos. 1-2 to 1-6]

As the Supreme Court stated in its opinion and as Boyd himself argues, the *Wearry* decision broke no new ground. Instead, it merely constituted the application of principles long established under *Brady* and its progeny. And a review of the arguments made and documents provided by Boyd make plain that his present petition asserts the same claim under *Brady* that he has asserted without success for nearly two decades. Indeed, much of the "newly" discovered evidence presented by Boyd was obtained by him between 1999 and 2005. [Record No. 1 at 25-29]

It is universally established that a federal prisoner must challenge the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas petition filed pursuant to 28 U.S.C. § 2241 may not generally be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). By its terms, 28 U.S.C. § 2255(e) only permits a challenge to a criminal conviction to be raised in a § 2241 petition where the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Here, Boyd's challenge to his convictions is based upon "newly" discovered evidence which he alleges undermines the credibility of the government's witnesses and uncovers previously-undisclosed evidence. But 28 U.S.C. § 2255(h)(1) expressly provides an avenue to present such a claim in a § 2255 motion, and the Sixth Circuit has held that the availability of that remedy logically forecloses resort to § 2241. *Boyd v. Quintana*, No. 16-5543 (6th Cir. 2016). Nor do Boyd's allegations set forth a claim of "actual innocence," as they do not demonstrate or even suggest that he did not commit the crimes for which he was convicted. Accordingly, he has failed to assert a claim cognizable under § 2241, *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

The Court will also take the unusual step of certifying that any appeal taken in this matter would not be taken in good faith. A district court may certify, either before or after an appeal is taken, that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A). Such a certification is appropriate here. The inquiry is an objective one when assessing whether an action is taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here, reasonable jurists could not differ in concluding that Boyd's petition fails to present any viable claim for relief. The Court therefore will certify that any appeal is not taken in good faith. As a result, Boyd will be assessed the full $505.00 appellate filing fee should he file a notice of appeal.

### III.

The substance of the claims Boyd asserts in this petition has been asserted many times before, and have been repeatedly rejected on the same grounds. The same holds true for two out of the three prior habeas petitions previously filed by Boyd with this Court. Yet Boyd persists in asserting the same claim through serial filings with the Court, citing a recent Supreme Court decision as a transparent subterfuge to justify his disregard for the Court's prior rulings.

The Court will invoke its inherent authority to sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). *See also* 28 U.S.C. § 1651; *Spencer v. Slone*, 1986 WL 16350, at *3 (6th Cir. 1986).

Even a court's "special solicitude" towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." See *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (imposing pre-filing restrictions against a litigant "unwilling[] to accept unfavorable rulings on her claims. Each time her claims are dismissed, she repackages them with new labels, against new defendants, and in new courts, as part of an 'ever-broadening conspiracy theory.'")

Any person proceeding *pro se* who repeatedly files frivolous lawsuits or motions abuses the right to represent himself without counsel and the privilege of proceeding without payment of the filing fee, and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims. Boyd has repeatedly filed frivolous and duplicative lawsuits, conduct that serves no legitimate purpose, and which places a tremendous burden on this Court's limited resources while depriving other litigants with plausible claims of the speedy resolution of their cases. This conduct evidences bad faith and constitutes an abuse of the judicial process. As a result, the Court will require Boyd to obtain permission from the Court before he will be permitted to file any new civil action or habeas corpus petition challenging his convictions or sentence. Accordingly, it is hereby

**ORDERED** as follows:

1. Boyd's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. The Court **CERTIFIES** that any appeal would not be taken in good faith.

3. An accompanying Judgment will be entered this date.

4. Boyd may not file any lawsuit in this Court in the future without first receiving prior written authorization of the Court. If he wishes to obtain such authorization, Boyd must:

    a. complete and sign a one-page letter, typewritten and double-spaced, requesting permission to file suit;

    b. complete the form Habeas Corpus Petition [EDKY Form 521], which must be typed and must describe the facts of his case, specifically identifying the people, dates, places, and actions which are relevant to his claims, and explaining what he wants the Court to do; and

    c. pay the five dollar filing fee.

Boyd must file these documents with the Clerk of the Court, Lexington Division, who shall refer them to a Judge of this Court for decision whether to permit the suit to be filed.

5. This matter is **STRICKEN** from the active docket.

This 28th day of August, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge